# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## Assigned on Briefs February 5, 2008

## STATE OF TENNESSEE v. LEWIS JEFFREY COX

**Appeal from the Circuit Court for Bedford County**
**No. 16169   Lee Russell, Judge**

---

**No. M2007-01370-CCA-R3-CD - Filed August 1, 2008**

---

Appellant, Lewis Jeffrey Cox, was arrested for public intoxication. Appellant was a registered violent sex offender at the time of his arrest. He failed to inform the arresting officers or the facility where he was held that he was a registered violent sex offender. Subsequently, Appellant was indicted by the Bedford County Grand Jury for failure to inform the incarcerating facility that he was a registered violent sex offender under Tennessee Code Annotated section 40-39-204(e). Appellant pled guilty to the charge. In a separate sentencing hearing, the trial court sentenced Appellant to six years as a career offender. Appellant appeals his sentence to this Court. On appeal, he argues that Tennessee Code Annotated section 40-39-204 carries no penal provision, and the penal provisions included in Tennessee Code Annotated section 40-39-208 do not apply to his failure to inform the facility of his status as a registered violent sex offender. After a thorough review of the applicable laws, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID H. WELLES, J., joined.

Andrew Jackson Deering, III, Assistant District Public Defender, for the appellant, Lewis Jeffrey Cox

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Mike McCown, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The State recited the following facts at Appellant's guilty plea hearing:

[O]n the date alleged in the indictment, . . . December 6, 2006, the police were summoned to Wal-Mart. I think the initial complaint was of an alleged shoplifting against the defendant. However, Wal-Mart chose not to prosecute the defendant for shoplifting, so he was not charged with that.

However, the responding officer, David Curly, of the police department, did arrest the defendant for public intoxication. He took him to the jail. He was booked into the jail. However, the defendant did not inform anyone within the sheriff's department or the jail that he was a registered violent sex offender at the time.

On January 22, 2007, the Bedford County Grand Jury indicted Appellant with one count of violation of the sex offender registry under Tennessee Code Annotated section 40-39-204 for failing "to immediately report his status as a violent sex offender to the appropriate registering agency after reincarceration for another offense . . . ." On March 1, 2007, Appellant entered an open guilty plea to the violent sex offender registry violation.

On May 3, 2007, trial court held a sentencing hearing. At the hearing, Appellant argued that Tennessee Code Annotated section 40-39-204 carries no penal provision. The State countered that the penal provisions for the statute are contained in Tennessee Code Annotated section 40-39-208. The trial court agreed with the State. At the conclusion of the hearing, the trial court sentenced Appellant to six years as a career offender.

## ANALYSIS

Appellant appeals the trial court's determination that Tennessee Code Annotated section 40-39-208 establishes the penal provisions for Tennessee Code Annotated section 40-39-204. His argument is specifically based upon the use of the word "report" in Tennessee Code Annotated section 40-39-204(e) and "disclose" in Tennessee Code Annotated section 40-39-208(6). Appellant argues that the fact that the two statutes use different words demonstrates a legislative intent not to have a penalty for failing to "disclose" under Tennessee Code Annotated section 40-39-208(6).

The pertinent section of Tennessee Code Annotated section 40-39-204 reads as follows:

If a person required to register under this part is reincarcerated for another offense or as the result of having violated the terms of probation, parole, conditional discharge, or any other form of alternative sentencing, the offender shall immediately report the offender's status as a sexual offender or violent sexual offender to the facility where the offender is incarcerated or detained, and notify the offender's appropriate registering agency, if different, that the offender is currently being detained or incarcerated. Registration, verification and tracking requirements for such persons are tolled during the subsequent incarceration. Within forty-eight (48) hours of the

release from any subsequent reincarcerations, the offender shall register with the appropriate designated law enforcement agency.

T.C.A. § 40-39-204(e). Tennessee Code Annotated section 40-39-208 reads, in pertinent part, "(a) It is an offense for an offender to knowingly violate any provision of this part. Violations shall include, but not be limited to, the following: . . . (6) Failure to timely disclose status as a sexual offender or violent sexual offender to the designated law enforcement agency upon reincarceration; . . . ."

Appellant argues that there is no statutory penalty for failing to report his status as a registered sexual offender to authorities because Tennessee Code Annotated section 40-39-208(6) does not specifically use the term "report." Appellant also points to the fact that Tennessee Code Annotated section 40-39-208(7) does use the term "report" within the same list of examples for which Tennessee Code Annotated section 40-39-208 imposes a criminal penalty. Although we cannot explain why the General Assembly would use different words to describe the same required conduct, we conclude that the words "disclose" and "report" as used in these statutes are synonymous. Both words, in the context they are used, denote a legislative intent that upon re-incarceration a registered sex offender must inform authorities at the facility in which he/she is re-incarcerated of the person's status as a registered sex offender. Therefore, Tennessee Code Annotated section 40-39-208(6) covers Appellant's violation of Tennessee Code Annotated section 40-39-204(e) and imposes a criminal penalty for such violation.

Moreover, Tennessee Code Annotated section 40-39-208 states, "It is an offense for an offender to knowingly violate *any* provision of this part." T.C.A. § 40-39-208(a) (emphasis added). This is the case even though the complained of language in Tennessee Code Annotated section 40-39-208 does not exactly track the language in Tennessee Code Annotated section 40-39-204. We conclude that the list of violations found at Tennessee Code Annotated section 40-39-208(a) is a non-inclusive list of examples as opposed to a list of the *only* violations for which the penalties of Tennessee Code Annotated section 40-39-208 would apply.

Therefore, we conclude that the trial court was correct in concluding that the penalty for a violation of Tennessee Code Annotated section 40-39-204 is set out in Tennessee Code Annotated section 40-39-208.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


_____

JERRY L. SMITH, JUDGE